*Pepin v. Pepin Granite, Inc.*, No. 613-9-15 Wncv (Teachout, J., Sept. 18, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                              **CIVIL DIVISION**
**Washington Unit**                                              **Docket No. 613-9-15 Wncv**

**Raymond C. Pepin**
       **Plaintiff**

       **v.**

**Pepin Granite, Inc.**
       **Defendants**

### ORDER
### Regarding Document Production and Motion for Attorney Fees (MPR 7)

In this case, Plaintiff Raymond C. Pepin has sought production of certain business records of Defendant Pepin Granite, Inc., pursuant to 11A V.S.A. §§ 16.02–16.04.  He also had the apparent ability to seek production of the same records in ongoing discovery in his pre-existing lawsuit against Pepin Granite in Chittenden Civil Division.  The pleading that started this case included a letter itemizing the business records sought.  Defendant immediately took the position that this entire case was filed in bad faith because there is nothing that Plaintiff could get here that was not as readily available to him in the ordinary course of the Chittenden case.  Nevertheless, in February 2016, Attorney Kolitch for Defendant and Attorney Luna, Plaintiff's counsel at the inception of this case (for both this case and the Chittenden case), agreed that certain information would be produced.  That agreement is reflected in e-mails between counsel and clearly set forth the identical list of business records that appears with the original pleading in this case.

Responsive documents then were produced, principally by the corporation's longtime accountant directly to Plaintiff's prior counsel and his expert accountant.  The reasonable appearance in the record of this case was that the records request in this case, regardless of whatever may have been unfolding in discovery for the Chittenden case, had been satisfied.

At an August 1, 2016 status conference, Judge Tomasi questioned whether there was anything left to produce or whether this case could be dismissed.  Plaintiff's new counsel, Attorney Weatherly, expressed frustration that, as he viewed it, Attorney Kolitch was refusing to certify that all responsive documents in Defendant's possession had been produced, though he did not purport to have any basis for drawing any contrary conclusion.  Judge Tomasi said that it appeared to him that Attorney Kolitch *had* represented that nothing was left to produce.  Attorney Kolitch then accounted for the apparent disconnect as follows: most of the production was handled by the corporation's longtime accountant directly to Attorney Luna (no longer representing Plaintiff) and Plaintiff's accountant and that production did not go through her.  She therefore could not specifically say that this or that document had been produced for lack of personal knowledge, though the purport of her presentation seemed to be that her belief was that everything had been produced.  There was no reason to think that the document request had not

been responded to fully and in good faith and she did not indicate that anything responsive had been withheld. Attorney Weatherly did not concede that the request had been satisfied. Judge Tomasi directed the parties to confer about whether Plaintiff needed anything else and resolve the matter expeditiously.

The case remained on the docket without action until the court scheduled a status conference that took place on March 30, 2017. The status had not changed. At the end of the conference, the court attempted to structure a resolution to the impasse. Attorney Weatherly was ordered to confer with his client and identify *with specificity* by a specified date any items that had been requested but not produced. Attorney Kolitch was to respond point by point by a followup specified date.

Attorney Weatherly did not, however, identify anything specific that was requested but not produced. Rather, he did the opposite: he provided information about what was produced and again reiterated that only Defendant knows what it possesses but has not produced.[1]

Attorney Weatherly's list of what was produced cannot simply be compared with the list of what was requested originally to see what remains to be produced. The record has clear representations now from both Attorney Kolitch and the accountant who handled most of the production that accounts for the entire records request. For each item on the list, there are clear representations that everything responsive was produced, does or did not exist, or was in someone else's possession. Nothing responsive to the original request is reported as withheld.

Plaintiff apparently remains unsure whether his request was responded to *completely* but has not identified anything he wants that he did not get that may be in Defendant's possession. The court required him to identify any remaining such items at the status conference on March 30, 2017, but he has not done so. Defendant has made clear representations that everything responsive in Defendant's possession has been produced. There is no evidence or indication that Defendant has failed to respond fully. The court accepts Defendant's representations and concludes that Plaintiff's original request has been satisfied.

Accordingly, document production in this case is complete.

Defendant's motion for attorney fees (MPR 7) is denied. It was filed prematurely, before document production matters were finally resolved.

---

[1] Attorney Weatherly also again asserted, "Long past due at this time is a response or objection to Petitioner's Application, and it is now Respondent's burden *under the Court's ruling* to show, if it can, an improper purpose in the filing of the Application." Plaintiff's Memorandum Regarding Status of Document Production 3 (filed May 4, 2017) (emphasis added). However, the events of this case quickly overtook those aspects of the September 30, 2015 order to which Attorney Weatherly presumably refers and made a formal response moot. At least since Defendant's February 2016 agreement with Attorney Luna and subsequent production of documents, no other response, objection, or showing of improper purpose by Defendant has been needed. Since that time, there has been no resistance to production and there has never been any evidence of deficiencies in production.

If either party intends to seek attorney fees on any basis, appropriate motions shall be filed within 10 days or any right to fees will be treated as waived and this case will be dismissed with prejudice.

So ordered.

Dated at Montpelier, Vermont this _____ day of September 2017.

_____
Mary Miles Teachout
Superior Judge